## WEAVER v. VOILS.

SET-OFF.—*Action by Bankrupt, on Credit set off to him as Exempt.—Judgment against him for Conversion not a Set-Off.*—Where, pending the settlement of a bankrupt's estate, an action is brought against him in a state court, for the conversion of personal property prior to the adjudication of bankruptcy, he may, by pleading his bankruptcy, stay such proceeding; but, if he permit judgment therein to go, it is not a proper set-off in the hands of an assignee thereof, against whom he brings suit on a chose in action set off to him by the bankrupt court as exempt from execution.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short*, for appellant.

*J. D. Alexander* and *H. W. Letsinger*, for appellee.

SCOTT, J.—Complaint by Voils against Weaver, on a promissory note. Answer, set-off; reply, bankruptcy of plaintiff; trial by the court, and special finding of facts, with conclusions of law as follows:

"That on the 18th day of January, 1877, said plaintiff was adjudged a bankrupt, upon his own petition, by the District Court of the United States in and for the District of Indiana, and that William Wilkins was appointed by said court assignee of said bankrupt's estate; that, at said time, said Isaac Weaver, defendant herein, was indebted to said Voils in the sum of $72.38, on an account, and that

said assignee set off to said bankrupt (Voils) said account as part of his $300.00, allowed him as exempt from seizure and sale, by virtue of the laws of the State of Indiana, and that on the 26th day of March, 1877, said Weaver executed to said Voils a note for the same, calling for the sum of $76.38, waiving valuation and appraisement laws, with interest at ten per cent. from date, due one day after date, the same being the note sued upon in this cause. That on the 29th day of January, 1877, one Green C. Templeton filed a complaint in the court of John S. Page, a justice of the peace in Greene county, Indiana, against said Voils, for the conversion of personal property of said Templeton in November, 1876, and on the 10th day of February, 1877, said Green C. Templeton assigned said judgment to the defendant, Weaver, which is the judgment mentioned in the defendant's answer; that said proceedings in bankruptcy are still pending and undisposed of in said district court.

" From the foregoing facts the court finds the following conclusions of law arising therefrom :

" 1.   That the plaintiff is entitled to a judgment against the defendant, on his said note, for $81.25, without relief from valuation or appraisement laws, and that said judgment ought to bear ten per cent. interest and his costs herein laid out and expended.

" 2.   That said defendant is not entitled to set off his judgment mentioned in his said answer against the said note.                          JOHN C. ROBINSON, Judge.

" And the defendant excepts to said conclusions of law."

The only question to be determined is, were the conclusions of law correct ?

Under section 5,067 of Rev. Stat. U. S., the debt upon which the judgment was taken was provable.   When the suit was brought, if Voils had pleaded his bankruptcy that would have stayed the proceeding, and no judgment

could have been taken against him, though the plaintiff could, on proper application, have had his damages assessed, and then proved for the amount; or he might have waited till the termination of the proceeding in bankruptcy, and, if the defendant failed to get his discharge, he could have proceeded against him. But we think that the judgment was not a proper set-off, pending the proceeding in bankruptcy, and the conclusions of law were correct. We have been unable to find any authority or case precisely in point. The case of *Cole* v. *Roach*, 37 Tex. 413, is very much like the present case, and we think supports the conclusion arrived at in this case.

The judgment is affirmed, at the costs of the appellant.